IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 31, 2008

Charles R. Fulbruge III
Clerk

No. 08-20311
Summary Calendar

MARK S. KESSINGER

Plaintiff - Appellant

V.

NATIONAL ASSOCIATION OF LETTER CARRIERS, LOCAL 283

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 06-CV-1473

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mark Kessinger is a United States Postal Service employee and a member of the Local 283 branch of the National Association of Letter Carriers. The local by-laws of Branch 283 provide for elected shop stewards. For many years, Kessinger was elected, and by virtue of obtaining the most votes, served as chief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shop steward. One of Kessinger's responsibilities as chief shop steward was processing member's grievances.[1]

In 2002, Kessinger ran for branch president, but was beaten by Patsy Grace. As branch president, Grace stripped Kessinger of the title of chief shop steward and appointed a different shop steward to handle grievance processing. Grace justified her action by pointing out the 300-grievance backlog that Kessinger had amassed, many of which were not meritorious. After his demotion, Kessinger remained in his elected shop steward position, maintaining his other shop steward responsibilities.

Kessinger brought suit against Branch 283 and the National Association of Letter Carriers alleging that they violated his free speech and due process rights under the Labor Management Reporting and Disclosures Act.[2] Specifically, Kessinger alleges that Grace retaliated against his free-speech exercise of running for president by stripping him of his grievance processing responsibilities and that the deprivation was without the due process required under the LMRDA. After Kessinger presented his case to a jury, Defendants made a Rule 50 motion for judgment as a matter of law, which the district court granted. Kessinger now appeals.

Kessinger contends essentially two points of error. First that he put forward sufficient evidence to present a question to the jury on whether Grace retaliated against him for exercising his free speech rights protected by the LMRDA; and second, that he put forth sufficient evidence to present a question to the jury on whether his due process rights were violated when he was

---

[1] A shop steward's role in grievance processing includes receiving complaints from letter carriers, determining if a grievance exists, conducing an investigation to develop a record, and presenting the grievance to management.

[2] 29 U.S.C. § 401 et seq. Section 411 is the Bill of Rights of Members of Labor Organizations and protects the free speech, (a)(2), and due process, (a)(5), rights of members.

"otherwise disciplined" without written notice, time to prepare a defense, and a hearing.[3] We review the grant of a Rule 50 motion de novo and only affirm the grant if "a party has been fully heard on [the] issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[4]

We AFFIRM because Kessinger's claims are legally deficient. In Finnegan v. Leu,[5] the Supreme Court held that discharge of a union's appointed business agent by the union president does not violate the LMRDA. In interpreting the statute, the Court drew a distinction between union members and a union's appointed employees, wherein only the former are protected from arbitrary action by the union or its officers, who thereby retain the ability to "choose a staff whose views are compatible with [their] own."[6] This case is indistinguishable from Finnegan. As in Finnegan, Branch 283's by-laws give Grace, as branch president, the responsibility for and authority to delegate the chief steward title and grievance process responsibilities. Accordingly, Kessinger's LMRDA claim hinges on the loss of an appointed position; because Finnegan teaches that the LMRDA is "not concerned with perpetuating

---

[3] See 29 U.S.C. § 411(a)(5).

[4] Hagan v. Echostar Satellite, LLC, 529 F.3d 617, 622 (5th Cir. 2008) (quoting Fitzgerald v. Weasler Engineering, Inc., 258 F.3d 326, 337 (5th Cir.2001)).

[5] 456 U.S. 431, 438-42 (1982).

[6] Id. at 441.

appointed union employees in office at the expense of an elected president's freedom to choose his own staff,"[7] his claims fail, both in regards to their merits and the process due.[8]  AFFIRMED.

---

[7] Id. at 442.

[8] In Sheet Metal Workers' International Assoc. v. Lynn, 488 U.S. 347 (1989), the Supreme Court distinguished a union's elected business agents, who are protected under the LMRDA, from appointed business agents, who are not protected under the Finnegan holding. Finnegan, and not Lynn, controls in this case because under Branch 283's by-laws, Kessinger's chief shop steward title and grievance responsibilities were appointed; he maintained his elected shop steward position.